PEOPLE *versus* LURETT C. HARGER ET AL
January [?] 1842.

. . . . . . . . . . , prosecuting attorney.
. . . Hanscomb, attorney for defendant.

[INDORSEMENT]

Sup. Court 4th Cir. Jany '42

People
vs.            } Indict—
Harger et al

Mo. in arrest
of Judgt

*Mem° of opinion—*

[OPINION]

The People
  vs.
Harger et al

This case was tried at the last term of the Circuit Court of Oakland Co., a verdict of guilty was found against the Defts—and a motion was made in arrest of judg*, and the questions arising on that motion were reserved and certified to this Court by the Presiding Judge of that Circuit.

The Defts 'were indicted for wilfully and maliciously killing certain hogs—and on the trial were found guilty—

A motion in arrest of judg* was made, on the ground that each of the 2 Counts in the Indict* embraces two distinct offences—

*The first Count* of the Indic* alleges that the Defts "did wilfully and maliciously kill *25 barrow hogs of the value of $10 each, three sows* of the value of *$20 each,* the *Beasts* of one Phineas Davis, and did thereby then and there wilfully and maliciously destroy the personal property of him the said Phineas Davis, against the Peace," &c

The 2ᵈ Count is precisely like the first except that it alleges the property to be the property of N. T. Ludden and Alanson Shuley.—

The counsel for the Defts contend that two distinct offences are charged in each count—the charge of killing the hogs, as one, and the charge of destroying personal property as the other—

The statute under which this Indict* was found is in these words.

Rev. Stat, 632 §38—"Every person who shall wilfully and maliciously kill, maim or disfigure any horses, cattle, or other beasts of another person—or shall wilfully and mali-

ciously administer poison to such beasts, or expose any poison-
ous substance, with intent that the same should be taken or
swallowed by them,—or shall wilfully and maliciously de-
stroy or injure the personal property of another person, in
any manner, or by any means, not particularly described or
mentioned in this chapter, shall be punished by imprison-
ment". &c &c

Several distinct offences are here created and enumer-
ated—and if any two of them are embraced in the same
Count it would be a valid objection to the Indict<sup>t</sup>—

If after alleging that Defts. killed the hogs of Davis,
there was a distinct and independent allegation that the
Defts. destroyed the personal property of Davis, then the
objection is well taken—

But I think that the averment that the Defts. thereby
then and there destroyed the personal property cannot be
considered independent of the previous allegation that the
Defts. killed the hogs—

The charge altogether is that the Defts. killed 25 hogs,
the beasts of P. Davis, and did thereby destroy the personal
property of said Davis—

The language here used necessarily precludes any sup-
position that other personal property, than the hogs, were
intended—It is a mere conclusion of law that by killing the
hogs, they had thereby destroyed the personal property of
Davis—

This concluding averment that the Defts. thereby de-
stroyed the personal property, is a mere inference or con-
clusion of the prosecutor, and can in no sense affect or qualify
the charge of killing, especially as the conclusion of law is
strictly true—

Mo. in arrest overruled—

To be certified—